UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRBY GERALD DECKER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-300 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Petitioner Kirby Gerald Decker, a state inmate proceeding *pro se* and *in forma pauperis*, seeks federal habeas relief from a disciplinary conviction in case number 20130057581.[1] (Docket No. 1.) Petitioner indicates that as a result of his disciplinary conviction he lost fifteen days of good-time credit, had his class line status reduced, and was subject to commissary and cell restrictions. (Id.) Petitioner is entitled to release on mandatory supervision. (Id.)

Respondent has filed a motion for summary judgment. (Docket No. 12.) Petitioner has not responded to the motion but has filed several discovery motions. (Docket Nos. 16-18.) For reasons to follow, the Court will deny Petitioner's requests for discovery, grant Respondent's motion for summary judgment, and dismiss this habeas action.

### I. BACKGROUND

On October 29, 2012, Petitioner was notified that he was being charged with the prison disciplinary offense of failing to obey orders, a Level 2, Code 24.0 violation of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*, based on his refusal to put on a shirt when

---

[1] Petitioner is in custody pursuant to a judgment and sentence of the 97th District Court of Clay County, Texas, in cause number 9311-0039C-CR. Petitioner pled not guilty to solicitation of capital murder, but was convicted and was sentenced to a term of thirty years imprisonment in TDCJ-CID on May 19, 1994.

ordered. (Docket No. 14-2, page 4). Petitioner was represented by a Counsel-Substitute at the disciplinary hearing, which was held on November 16, 2012.

At the hearing, Petitioner explained to the Disciplinary Hearing Officer that earlier in the day Sergeant Cherry told him to put a shirt on and he complied. However, he later had to remove that shirt because it was soaked with urine from not having his diaper changed on time (Petitioner is bedridden). While Petitioner was awaiting a diaper change with his shirt removed, Sergeant Cherry was informed that Petitioner again had his shirt off. Sergeant Cherry came to Petitioner's cell, where Charging Officer Ferris was present, and again ordered Petitioner to put on his shirt. Rather than comply immediately, Petitioner argued that the inmate handbook did not require inmates to wear shirts at all times, and attempted to show the handbook to the officers. Based on Petitioner's non-compliance, Sergeant Cherry instructed Officer Ferris to file an offense report against Petitioner. In the offense report Ferris stated that she had ordered Petitioner to put on a shirt but he refused.

During the hearing, Petitioner argued that it was Sergeant Cherry, not Officer Ferris, who ordered Petitioner to put on a shirt and that he complied with that order. Petitioner further asserted that he eventually complied after having his diaper changed. In her testimony, Officer Ferris admitted that the order to put a shirt on actually came from Sergeant Cherry, but the order was repeated in her presence. The hearing officer corrected the charging document to reflect that fact. It was also stipulated that Petitioner had complied with Sergeant Cherry's earlier order to put a shirt on. According to the hearing work sheet, some evidence proffered by Petitioner at the hearing was rejected for not being submitted in a timely manner. (Docket No. 14-2, page 4).

After considering the offense report, the charging officer's testimony, and Petitioner's testimony, the Disciplinary Hearing Officer found Petitioner guilty and assessed punishment at thirty days cell restriction, reduction in line class status, and forfeiture of fifteen days of good-time credit. (Id.) Thereafter, petitioner submitted Step 1 Grievance Number 2013097992, dated

November 21, 2012, in which he complained that his Counsel Substitute did not properly investigate his case. (Docket No. 14-1 at 6-7.) He also complained that the charge was materially altered at the hearing, by changing the name of the charging officer, without giving Petitioner additional time to prepare a defense. (Id.) The grievance was denied. (Id.) In his Step 2 grievance, petitioner again complained about the change to the charging notice, the rejection of evidence, inadequate representation, and hearing officer bias. (Docket No. 14-1 at 4-5.) He also claimed that the charging officer conspired with others to bring the disciplinary charge in retaliation for Petitioner's alleged whistle-blowing regarding corruption in the unit. (Id.) This grievance was also denied. (Id.)

Petitioner challenges his disciplinary conviction on the grounds that (1) there was insufficient evidence to convict him of the disciplinary offense; (2) his Counsel Substitute's performance was inadequate; (3) the hearing officer changed the charges against Petitioner without proper notice or time to prepare a defense; and, (4) the charge was brought against Petitioner in retaliation for his reports of corruption by TDCJ-CID officials. (Docket No. 1.)

Respondent moves for summary judgment on the following grounds:

1. Some of Petitioner's punishments do not implicate due process;

2. The evidence was sufficient to support the disciplinary conviction;

3. Petitioner does not have a constitutional right to effective assistance of a Counsel Substitute in a disciplinary hearing; and,

4. Petitioner has not shown that the disciplinary charged was the result of retaliation or that the hearing officer was biased.

(Docket No. 12.)

## II. ANALYSIS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v.*

*Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

### A. Miscellaneous Sanctions

Disciplinary hearing records show that as a result of his disciplinary conviction Petitioner lost thirty days of commissary privileges, was restricted to his cell for thirty days, and had his line-earning status reduced from S3 to S4. (Docket No. 14-2 at 4.) None of these sanctions implicate a liberty interest protected by the Due Process Clause. Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1996) (limitations on commissary or recreational privileges, cell restriction or temporary solitary confinement are not atypical or significant hardship); *Malchi*, 211 F.3d at 958 (reductions in class line status and potential impact on good-time credit earning are not protected by Due Process Clause). Because due process is not implicated by these miscellaneous sanctions, Petitioner is not entitled to federal habeas relief from these forms of punishment.

### B. Good-Time Credit

Petitioner also lost fifteen days of previously earned good-time credit as a result of his disciplinary conviction. When a state creates a right to early release for good conduct, and recognizes its revocation as an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). Because Petitioner is eligible for mandatory supervision, he had a protected liberty interest in his previously earned good-time credits. *See Teague*, 482 F.3d at

775-76 (citing *Malchi*, 211 F.3d at 956). Therefore, the revocation of those credits must comply with the minimum procedural protections required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).

In *Wolff*, the Supreme Court considered the minimum level of due process required in the prison disciplinary context, recognizing that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." 418 U.S. at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. The minimum procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-67.

Petitioner does not complain that he did not receive advance written notice or a written statement of the fact findings; moreover, the disciplinary hearing records and the audio recording of the hearing show that these procedural requirements were met. (Docket No. 14 and 15.) Petitioner complains that his disciplinary conviction violates due process because the charge was not supported by sufficient evidence, the charging instrument was changed during the hearing without allowing him additional time to prepare a defense, he was provided ineffective assistance from his Counsel Substitute, and the hearing officer was biased. (Docket No. 1.) The Court addresses each of these arguments in turn.

1. Sufficiency of the Evidence

Federal habeas review of the sufficiency of the evidence supporting a disciplinary conviction is extremely limited. Due process requires only "some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. The Supreme Court has determined that "[a]scertaining whether [the sufficiency-of-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 537. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Therefore, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary or capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981).

In this case, the disciplinary hearing records and the audio recording of the disciplinary proceedings clearly show that there was some evidence to support Petitioner's conviction. The charging officer, Officer Farris, stated both in her offense report and hearing testimony that Petitioner was ordered to put on a shirt and failed to comply. Although in her testimony Officer Farris clarified that it was Sergeant Cherry who gave the order, she confirmed that the order was repeated in her presence and that she personally witnessed Petitioner's failure to comply.

Based on this record, the Court finds that there was some evidence in the record to support the hearing officer's decision in this case. Accordingly, respondent is entitled to summary judgment on this claim.

### 2. Alteration of Offense Report

Petitioner asserts that he was denied due process based on the hearing officer's modification of the charge to reflect that Sergeant Cherry gave the order for Petitioner to put on a shirt, not Officer Ferris. Petitioner argues that based on this change he should have been given additional time to prepare a defense.

The record does not show that Petitioner was substantially prejudiced by the modification of the charging information here. In fact, the record shows that the clarification did not materially alter the charge against Petitioner and had no bearing upon Petitioner's conviction. Although Officer Ferris could have been more precise in her Offense Report as to who gave the order, the report and charging document were sufficient to put Petitioner on notice of the charges against him and to allow him to prepare a defense. As noted during the hearing, the fact that Sergeant Cherry gave the order does not prohibit Officer Ferris from filing the offense report because the order was given in Officer Ferris's presence and she personally witnessed Petitioner's failure to comply. Given Petitioner's argument that Officer Ferris filed the charge at Sergeant Cherry's instruction, it is clear that Petitioner understood the facts and circumstances underlying the charge against him and was able to prepare a defense. Thus, the modification of the charging information and denial of additional time to prepare a defense did not amount to a denial of due process.

### 3. Ineffective Assistance Substitute-Counsel

Petitioner contends that his Counsel-Substitute provided inadequate representation. Petitioner states that the Counsel-Substitute at his hearing was a last minute replacement and did not take time to adequately investigate the charge or prepare a defense.

Petitioner's claim of ineffective assistance of counsel during his prison disciplinary proceeding lacks merit because inmates have no right to retained or appointed counsel at such hearings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Moreover, Petitioner does not deny that Counsel-Substitute assisted him during the hearing with examining witnesses, making objections, and presenting evidence, as is clearly evident from the audio recording of the hearing. Thus, Respondent is entitled to summary judgment on this claim.

### 4. Impartial Hearing Officer

Petitioner vaguely asserts in his Level 2 grievance that the hearing officer was biased against him. Petitioner's only grounds for this assertion are that the hearing officer changed the charging information without allowing additional time to prepare a defense and that he found Petitioner guilty despite this discrepancy.

The requirement of impartiality in the context of prison disciplinary hearings requires that the disciplinary hearing officer may not have participated in the case as an investigating or reviewing officer or as a witness. *Wolff*, 418 U.S. at 572 n. 20; *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990) ("Due process may require that the fact-finders not include officials involved in the conduct of which the inmate is accused.") "*Wolff* undoubtedly extends to inmates the right to a fair tribunal, but the extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled

environment' in which '[g]uards and inmates co-exist in direct and intimate contact.'" *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984) (citing *Wolff*, 418 U.S. at 561–62).

Here, Petitioner has not shown that the hearing officer was in any way connected with the underlying charge, or that he was involved with the investigation or review of the charges against Petitioner. Moreover, the Court has reviewed the record and the audio recording of the disciplinary hearing and finds that there is no evidence that the hearing officer showed bias during the disciplinary hearing. Nor does the record show that the hearing officer was predisposed to finding petitioner guilty, or that the officer's finding of guilt was unfounded.

Accordingly, Respondent is entitled to summary judgment on this claim.

### 5. Conspiracy/Retaliation

Petitioner contends that he was denied due process because the disciplinary charge against him was retaliatory. Specifically, Petitioner alleges that Sergeant Cherry conspired with Officer Ferris to bring the disciplinary charge in retaliation for Petitioner's reports of improprieties by officials in the housing unit.

As an initial matter, Petitioner has not presented any evidence regarding his alleged "whistle-blowing" activities, nor has he shown any other motive for retaliation. More importantly, Petitioner's allegations are undermined by his own admissions which show that he was guilty of the offense charged. Although Petitioner offers various excuses for not wearing a shirt as ordered, he does not deny that the order was given and that he failed to comply in a timely manner. Given those essential facts Petitioner's unsupported claims of retaliation and conspiracy are insufficient to create a genuine issue of material fact. Thus, respondent is entitled to summary judgment on this claim.

III. DISCOVERY

Petitioner has filed motions for discovery (Docket Nos. 16-18) seeking production of additional documents in this case. A habeas petitioner is generally not entitled to discovery. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). "Good cause may be found when a petition for habeas corpus relief 'establishes a prima facie claim for relief.'" *Id.* quoting *Harris v. Nelson*, 394 U.S. 286, 209 (1969).

Petitioner has not shown good cause warranting further discovery. Although Petitioner asserts that additional discovery is necessary for him to respond to summary judgment, he has not explained how the items sought would shed any additional light on the core question presented here, which is, "Was there some evidence to support Petitioner's disciplinary conviction?" Because the existing record clearly answers that question in the affirmative, there is no need for further discovery in this case. Moreover, it appears that the items sought by Petitioner are either redundant or irrelevant to the issues at bar.

Therefore, Petitioner's motions for discovery are DENIED. (Docket Nos. 16-18).

IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the Court has determined that Petitioner has not made a substantial showing of the denial of a constitutional right, Petitioner is not entitled to a certificate of appealability from this decision.

## V. CONCLUSION

The Court finds that there is no genuine issue of material fact in this habeas action, and that the respondent is entitled to summary judgment as a matter of law. It is, therefore, ORDERED as follows:

1. Respondent's Motion for Summary Judgment (Docket No. 12) is GRANTED.

2. This petition is DISMISSED with prejudice.

3. A certificate of appealability from this decision is DENIED.

4. Petitioner's motions for discovery (Docket Nos. 16-18) are DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of the Order to the parties.

SIGNED at Houston, Texas, this 14th day of February, 2014.

_____

MELINDA HARMON  
UNITED STATES DISTRICT JUDGE